# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-901V
Filed: April 1, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
DIANA DARKEN,                         *
                                      *
              Petitioner,             *
       v.                             *
                                      *   Attorney Fees and Costs; Stipulation;
SECRETARY OF HEALTH AND               *   Special Processing Unit ["SPU"]
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Andrew Downing, Esq., Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Debra Begley, Esq., US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

On September 24, 2014, Diana Darken filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury that was caused-in-fact by her influenza ("flu") vaccination administered on October 23, 2013. Petition at 1-4.  The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters.  On April 1, 2015, I issued a decision awarding compensation to petitioner based on the parties' Stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On March 30, 2015, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs.  According to the stipulation, the parties agree upon a total award of attorneys' fees and costs to petitioner in the amount of $12,700.00. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total $12, 700.00[3] as follows:**

- **a lump sum in the form of a check jointly payable to petitioner and her attorney, Andrew D. Downing and Hennelly & Steadman, PLC in the amount of $2,100.00; and**
- **a lump sum in the form of a check payable to petitioner and her attorney, Andrew D. Downing, and Van Cott & Talamante, PLLC in the amount of $10, 600.00.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).